IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TIMOTHY ALLEN FOXWORTH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:16CV1266 |
| | ) |
| HARVEY CLAY, | ) |
| Superintendent, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the state of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) Respondent has filed an answer (Docket Entry 8), a motion for summary judgment (Docket Entry 9), and a brief in support (Docket Entry 10). Petitioner, in turn, has filed a response (Docket Entry 12) along with a supporting brief (Docket Entry 13). This matter is now prepared for a ruling.

### Background

On March 1, 2010, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), Petitioner entered a guilty plea in Superior Court, Guilford County to second-degree murder and was sentenced to 276-341 months of imprisonment. (Docket Entry 10, Ex. 10 at PDF page 9.) *State v. Foxworth*, No. COA15-1092, 2016 WL 1565569, at *1 (N.C. Ct. App. Apr. 19, 2016). Petitioner then filed a motion for appropriate relief ("MAR") in Superior Court, Guilford County, which was denied. *Foxworth*, 2016 WL 1565569, at *1. Petitioner then filed a certiorari

petition in the North Carolina Court of Appeals, seeking review of the MAR denial, which was granted and the matter was remanded for resentencing. *Id.* On December 5, 2013, Petitioner was resentenced in Superior Court, Guilford County to a 276-341 month term of imprisonment, which was the same sentence initially imposed. *Id.* Defendant appealed, and the North Carolina Court of Appeals remanded for a third sentencing hearing due to an error in the calculation of Petitioner's prior record level. *Id.* On April 21, 2015, in Superior Court, Guilford County, Petitioner was resentenced to 237-294 months of imprisonment. *Id.* Petitioner appealed and the North Carolina Court of Appeals, on April 19, 2016, affirmed the trial court. *Id.* On May 13, 2016, in the North Carolina Supreme Court, Petitioner filed a notice of appeal, petition for discretionary review and for writ of certiorari, and a motion for *subpoena duces tecum*, all of which were either denied or dismissed on June 9, 2016. *State v. Foxworth*, 787 S.E.2d 34 (N.C. 2016); *State v. Foxworth*, 787 S.E.2d 27 (N.C. 2016). Petitioner next dated a federal habeas petition on October 21, 2016 and filed it in this Court on October 27, 2016. (Docket Entry 2.) This matter is now prepared for a ruling.

## Petitioner's Grounds for Relief

Petitioner contends: (1) that during the April 21, 2015 resentencing proceeding the trial court erred by failing to find as a statutory mitigating factor that Petitioner supported his family; and (2) that during that same resentencing proceeding the trial court erred by resentencing Petitioner to the maximum sentence within the aggravated range. (Docket Entry 2, Grounds 1-2.) As explained below, however, these grounds for relief lack merit.

## Discussion

### Standard of Review

Where a state trial court adjudicates a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "Unreasonable" does not mean just "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, not subjective, standpoint. *Id.* at 409-11. State court factual findings are presumptively correct unless clearly and convincingly rebutted. 28 U.S.C. § 2254(e)(1). As demonstrated below, Petitioner's claims fail regardless of the standard of review—de novo or a more deferential standard—applied.[1]

---

[1] Respondent contends that Petitioner's grounds for relief have been procedurally defaulted. (Docket Entry 10 at 4, 8-9.) However, the Court need not resolve this issue, because Petitioner's grounds for relief fail for other reasons. *See Yeatts v. Angelone*, 166 F.3d 255, 260–61 (4th Cir.1999)

3

## Ground One

Petitioner first contends that during the April 21, 2015 resentencing proceeding the trial court erred by failing to find as a statutory mitigating factor that Petitioner supported his family. (Docket Entry 2, § 12, Ground One.) Petitioner made a similar argument before the North Carolina Court of Appeals, which rejected it as follows:

> Defendant contends the trial court erred by failing to find as a mitigating factor that he supports his family. We do not agree.
>
> A defendant has the burden of proving the existence of a mitigating factor. N.C. Gen.Stat. § 15A-1340.16(a) (2015). "To show that the trial court erred in failing to find a mitigating factor, the evidence must show conclusively that this mitigating factor exists, *i.e.*, no other reasonable inferences can be drawn from the evidence." *State v. Canty*, 321 N.C. 520, 524, 364 S.E.2d 410, 413 (1988). "An appellate court may reverse a trial court for failing to find a mitigating factor only when the evidence offered in support of that factor 'is both uncontradicted and manifestly credible.'" *State v. Mabry*, 217 N.C.App. 465, 471, 720 S.E.2d 697, 702 (2011) (quoting *State v. Jones*, 309 N.C. 214, 220, 306 S.E.2d 451, 456 (1983)). Even though evidence consisting of letters from close friends and family members demonstrating a defendant's strong character trait is uncontradicted, it may not be manifestly credible because the provider of the evidence is biased in favor of the defendant on account of having a close personal relationship with the defendant. *Id.* at 472, 720 S.E.2d 70203.
>
> Here, the only evidence which indicated defendant supported his family financially is a letter in which the writer stated defendant "is the best friend [sic] and father you could ever have in the world . . . . He also worked extremely [sic] hard to provide for his family." The letter suggests that the writer has a close personal relationship with defendant, and thus the evidence is not so manifestly credible that the court was required to find the factor in mitigation.

---

(noting that the rule of procedural default in habeas cases is grounded in concerns of comity and federalism and is not jurisdictional). Consequently, the Court will not address the question of procedural default, but instead will analyze the merits of Petitioner's grounds for relief, which, as explained in greater detail below, are without merit.

4

*Foxworth*, 2016 WL 1565569, at *1-2.

As an initial matter, the Court notes that insofar as Petitioner is raising no more than an issue of state law, his ground for relief must fail. This is because "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *See Pulley v. Harris*, 465 U.S. 37, 41(1984). Even setting that issue aside, the state court adjudication on the merits appears correct for the reasons articulated by the North Carolina Court of Appeals, and therefore Petitioner's ground fails on the merits. Nor did the decision of the North Carolina Court of Appeals result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. There is no constitutional authority from the Supreme Court mandating the result Petitioner seeks here. In addition, the North Carolina Court of Appeals above quoted opinion is not based on an unreasonable determination of facts, in light of the evidence presented in state court.

Petitioner's arguments to the contrary are not persuasive. Petitioner points to additional evidence on record and contends that this evidence is "clear, convincing and manifest evidence warrant[ing] the inclusion of the statutory mitigating sentencing factor." (Docket Entry 13 at 12-16.) The Court disagrees for the same reason the North Carolina Court of Appeals gave. None of the evidence Petitioner cites, to the extent it is even relevant to the inquiry of this mitigating factor, is so manifestly credible that the state court was required to find the factor in mitigation. For all these reasons, Petitioner's first ground for relief lacks merit and should therefore be denied.

## Ground Two

Petitioner next asserts that during the April 21, 2015 resentencing proceeding the trial court erred by resentencing Petitioner to the maximum sentence within the aggravated range. (Docket Entry 2, § 12, Ground Two.) Petitioner presented this ground for relief to the North Carolina Court of Appeals, which rejected it as follows:

> Defendant also contends that the court abused its discretion by imposing the maximum sentence within the aggravated range. "Under the Structured Sentencing Act, the trial court must consider evidence of aggravating and mitigating factors and may then impose a sentence in its discretion." *State v. Rogers*, 157 N.C.App. 127, 128, 577 S.E.2d 666, 668 (2003). "It is for the trial court to determine the weight to be given to any particular aggravating or mitigating factor. The trial court does not simply add up the number of aggravating or mitigating factors, but rather is to carefully weigh the quality and importance of each factor." *State v. Gillespie*, 209 N.C.App. 746, 748-49, 707 S.E.2d 712, 715 (2011). Only when there is "no rational basis for the manner in which the aggravating and mitigating factors were weighed by the sentencing judge" will the balance struck "amount to an abuse of discretion." *State v. Parker*, 315 N.C. 249, 259, 337 S.E.2d 497, 503 (1985).
>
> Here, the record shows that defendant was originally charged with first degree murder, which carried a minimum sentence of life imprisonment without possibility of parole in accordance with N.C. Gen.Stat. § 14-17(a) (2011). Defendant pled guilty to the lesser offense of second degree murder and agreed to be sentenced within the aggravated range. He stipulated that he committed the current offense while on pretrial release on another criminal charge, behavior which demonstrated that he lacked respect for the criminal justice process and law. Under these circumstances, we conclude there was a rational basis for the trial court to weigh the aggravating factor more heavily than the numerous mitigating factors. Accordingly, we hold that the trial court did not abuse its discretion by imposing the maximum sentence within the aggravated range.

*Foxworth*, 2016 WL 1565569, at *1-2.

Once again, to the extent this ground raises no more than a matter of state law, it is non-cognizable in this proceeding. *See Pulley*, 465 U.S. at 41. Even setting that issue aside, the state court adjudication on the merits appears correct for the reasons articulated by the North Carolina Court of Appeals, and therefore Petitioner's ground fails on the merits.

More specifically, as the North Carolina Court of Appeals correctly points out, the record shows that defendant was originally charged with first degree murder, which carried a minimum sentence of life imprisonment without the possibility of parole, in accordance with N.C.G.S. § 14-17(a) (2011). (Docket Entry 10, Ex. 10 at PDF page 7.) Defendant pled guilty to the lesser offense of second degree murder and agreed to be sentenced within the aggravated range. (*Id.* at 9-10.) Petitioner stipulated that he committed the current offense while on pretrial release on another criminal charge, behavior which the North Carolina Court of Appeals reasonably concluded demonstrated that he lacked respect for the criminal justice process and law. (*Id.*) In light of this, the Court cannot conclude that the trial court lacked a rational basis to weigh the aggravating factor more heavily than the mitigating factors. (*Id.* at 33-34.) Accordingly, there is no reason to conclude that the trial court abused its discretion by imposing the maximum sentence within the aggravated range. (*Id.* at 37.) *See also State v. Harris*, 775 S.E.2d 31, 34 (N.C. Ct. App. 2015) (concluding that consideration in sentencing of the commission of an offense while on pretrial release for another pending charge is constitutional).

And, more importantly, for the purposes of federal habeas review, the decision of the North Carolina Court of Appeals did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme

Court of the United States. There is no constitutional authority from the Supreme Court mandating the result Petitioner seeks here. In addition, the North Carolina Court of Appeals above quoted opinion is not based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings.

Petitioner's arguments to the contrary are not persuasive. Petitioner contends that the trial court that resentenced him erred in concluding that a single aggravating factor outweighed multiple mitigating factors and thus warranted a sentence at the high end of the aggravated range. (Docket Entry 3 at 14-20.) In support, Petitioner alleges that the single aggravating factor that weighed against him was for committing the crime for which he was being resentenced (second-degree murder) while he was on pre-trial release for a prior and distinct violation that was of "minor magnitude," and which was ultimately dismissed. (*Id.* at 17, 19.)

From the record, it is not entirely clear what charge was related to Petitioner's abovementioned pre-trial release. But, in any event, as explained, Petitioner *stipulated* that he committed the current offense of second degree murder while on pretrial release in another matter and *agreed* to be sentenced in the aggravated range. The North Carolina Court of Appeals concluded that the fact that Petitioner committed second degree murder while on pretrial release in another matter demonstrated that Petitioner lacked respect for the criminal justice process and law. This was not an irrational conclusion in light of Petitioner's stipulation.

8

Additionally, whether the charge for which Petitioner had been released prior to trial was a misdemeanor, or was ultimately dismissed, is immaterial[2] as the language of the North Carolina statute in question requires only that "[t]he defendant committed the offense while on pretrial release on another charge." N.C. Gen. Stat. § 15A-1340.16(d)(12). Most importantly, however, the analysis and conclusion of the North Carolina Court of Appeals was not a decision contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. For all these reasons, Petitioner's second ground for relief lacks merit and should therefore be denied.

## Conclusion

For the reasons set forth above, Petitioner is not entitled to relief. Moreover, a hearing is not warranted in this proceeding, nor is discovery, or the appointment of counsel.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (Docket Entry 9) be **GRANTED**, that the Petition (Docket Entry 2) be **DENIED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

June 12, 2017

---

[2] *See, e.g., State v. Green*, 152 N.C. App. 719 (2002) ("[W]e hold that the trial court properly determined defendant was on pretrial release when he committed the first degree arson offense regardless of his later status on the pretrial release charge because defendant's guilt of the pretrial release charge is not relevant."); *State v. Smith*, 233 N.C. App. 789 (2014) (affirming aggravated sentence where defendant had committed instant offenses while on pretrial release related to a pending misdemeanor charge); *State v. Whitaker*, 100 N.C. App. 578 (1990).

9